IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT KETCHIKAN

FILED in the Trial Courts
State of Alaska, First District
at Ketchikan
MAR 04 2021
Clerk of the Trial Courts
By _____ Deputy

GERALDINE PEELE,

Plaintiff,

vs.

NATIONAL INDEMNITY COMPANY,

Defendant.

Case No.: 1KE-21- 57  CI

## COMPLAINT

Plaintiff, by and through counsel, Libbey Law Offices, LLC hereby make this complaint against Defendant National Indemnity Company, and states and alleges as follows:

1. At relevant times alleged herein, Plaintiff was a resident of Hydaburg, Alaska.

2. At all times alleged herein, Defendant was and is a Nebraska insurance company authorized to do business in the State of Alaska subject to the jurisdiction of this Court.

3. Defendant is liable for the actions and/or failures of their employees and/or agents under theories of vicarious liability.

4. On February 14, 2014, Plaintiff was traveling as a passenger in a van belonging to the Hydaburg Cooperative Association and driven by Anthony Peele.

5. The driver failed to exercise due care while driving, resulting in a violent crash.

Complaint
*Peele v. National Indemnity*, Case No1: 1KE-21- 57  CI

Page 1 of 6

THIS MATTER IS
FORMALLY ASSIGNED TO
TREVOR N. STEPHENS
SUPERIOR COURT JUDGE

6. The van slid off the roadway, it overturned and came to rest on the top of the vehicle.

7. The crash was violent.

8. Law enforcement responded to the crash.

9. The van driver was at fault for the crash.

10. Plaintiff received medical care in various towns in Alaska, including but not limited to Hydaburg, Klawock, Ketchikan, Sitka, and other communities in Alaska for crash related treatment.

11. The Defendant National Indemnity Company investigated and determined that the 2/14/14 collision was caused by an operator of an underinsured motor vehicle.

12. Plaintiff is not responsible in any amount for causing the crash.

13. The van driver was negligent in causing the crash.

14. The collision injured Plaintiff Geraldine Peele, causing severe spinal injury and other injury.

15. The crash caused severe permanent injury.

16. The Plaintiff was insured for underinsured motorist coverage with National Indemnity Company on the date of crash.

17. Plaintiff's damages related to the crash, include, but are not limited to, pain and anxieties, expenses related to medical treatment, loss of time and enjoyment of life, loss of wages and earning capacity, expense and inconvenience associated with disability and the pursuit of medical care, and permanent impairments.

Complaint
*Peele v. National Indemnity*, Case No: 1KE-21-__57__ CI

Page 2 of 6

Exhibit A
Page 2 of 6

Case 5:21-cv-00001-TMB   Document 2-1   Filed 04/01/21   Page 2 of 6

18. Plaintiff will incur future medical expenses and losses related to future medical care and future wage loss and/or earning capacity as a direct result of this incident and/or future non-economic damages related to the crash.

19. Plaintiff made a claim for damages against the at fault driver.

20. Plaintiff resolved her claim with the at fault driver with the consent Defendant.

21. Resolution of the claim with the at fault driver triggered an underinsured motorist claim.

22. Plaintiff is an insured under National Indemnity's policy 70 APS 046447.

23. On March 12, 2019, Defendant denied Ms. Peele's UIM claim via written letter.

24. Defendant owes duties of care to its insured.

25. Plaintiff properly submitted an underinsured motorist claim to Defendant.

26. To date, Defendant has not paid on the underinsured motorist claim.

27. Plaintiff submitted medical records, medical billings, and other documents to Defendant.

28. It is undisputed that Defendant has records showing the crash was violent and caused serious injury, including t-spine fracture.

29. Plaintiff provided detailed explanation and documentation to Defendant regarding her injuries.

30. Defendant has refused to advance pay any amount to Plaintiff.

Complaint
*Peele v. National Indemnity*, Case No: 1KE-21-___57___ CI

31. Defendant is required to pay all undisputed amounts.

32. DEFENDANT has breached its obligations of 3 AAC 26.070(2) by failing to pay undisputed amounts.

33. DEFENDANT has rejected Plaintiff's request for payment of her UIM coverage in full.

34. DEFENDANT has failed to provide a reasonable written denial explaining the facts upon which the denial is based for refusing to pay Plaintiff's UIM insurance.

35. DEFENDANT has violated 3 AAC 26.070(1) re failure to explain.

36. DEFENDANT is obligated to reasonably investigate and adjust a UIM claim.

37. DEFENDANT is obligated to treat the insured's interest with equal regard as its own interest.

38. DEFENDANT has unreasonably adjusted Plaintiff's underinsured motorist claim by refusing to make sufficient payment from the policy.

39. DEFENDANT's conduct amounts to negligence.

40. DEFENDANT's conduct amounts to breach of contract.

41. DEFENDANT's conduct amounts to breach of the covenant of good faith and fair dealing.

42. DEFENDANT's conduct violated the terms of its own insurance policy, Alaska regulations 3 AAC 26.010 *et. seq*, and Alaska Statutes, including but not limited to violations of AS 21.36.125, Unfair Claim Settlement Practices, including but not limited to the provisions below.

Complaint
*Peele v. National Indemnity*, Case No|: 1KE-21-___57___ CI

Page 4 of 6

Exhibit A
Page 4 of 6

Case 5:21-cv-00001-TMB   Document 2-1   Filed 04/01/21   Page 4 of 6

43. DEFENDANT has violated AS 21.36.125(2) by failing to act promptly.

44. DEFENDANT has violated AS 21.36.125(3) in that it has not adopted or implemented reasonable standards for prompt investigation of claims.

45. DEFENDANT has violated AS 21.36.125(4) in that it has refused to pay a claim without reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement.

46. DEFENDANT has violated AS 21.36.125(6) in that is has failed to attempt in good faith to make a prompt and equitable settlement of this claim in which liability is clear.

47. DEFENDANT has violated AS 21.36.125(7) in that it has engaged in a pattern or practice of compelling its own insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought.

48. DEFENDANT has violated AS 21.26.135(8) in that it has compelled its insured, in a case where liability is clear, to litigate for recovery of an amount due by offering an amount that does not have an objectively reasonable basis in law and fact and that has not been documented in the insurer's file.

49. DEFENDANT has violated AS 21.36.125(15) by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of compromise.

50. DEFENDANT's conduct violated industry standards for claims handling.

Complaint
*Peele v. National Indemnity*, Case No: 1KB-21-__57____ CI

Page 5 of 6

LIBBEY LAW OFFICES
ATTORNEYS AT LAW
A LIMITED LIABILITY COMPANY
TELEPHONE (907) 258-1815
FAX (907) 258-1822
604 WEST 2ND AVENUE
ANCHORAGE, ALASKA 99501

51. DEFENDANT is liable for negligence.

52. DEFENDANT is liable for the breach of the contract/covenant of good faith and fair dealing.

53. Liability for DEFENDANT's conduct requires payment of compensatory damages.

54. DEFENDANT has recklessly disregarded the interests of its own insured.

55. Liability for DEFENDANT's conduct requires payment of punitive damages.

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1. For judgment in Plaintiff's favor, with the specific amount of damages in excess of $100,000, arising from this incident and to be proven at trial;

2. For interest, costs, and attorney fees arising from this incident;

3. For any other relief the court deems just and appropriate.

PLAINTIFFS RESERVE THE RIGHT TO AMEND AND SUPPLEMENT THEIR COMPLAINT.

DATED this 4th day of March, 2021.

LIBBEY LAW OFFICES, LLC
Attorneys for Plaintiffs

By: _____
Colleen Libbey (0012104)

Complaint
*Peele v. National Indemnity*, Case No: 1KE-21-__57__ CI

Page 6 of 6